IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES DAVID WESLEY CARR,

        **Plaintiff,**

v.                                                                      Civil Action No. 3:13cv40
                                                                              (JUDGE GROH)

EVELYN SEIFERT, et al.,

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Introduction

On April 22, 2013, the *pro se* plaintiff, James David Wesley Carr, filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. Dkt. No. 1. The plaintiff generally alleges that the defendants placed and are keeping him in jail without adequate medical treatment, all in an effort to kill him. *Id.* at 2-5.

### II. Procedural History

During the September 2004 term, the plaintiff was charged in the Circuit Court of Kanawha County with eight counts of various sexual offenses. On February 28, 2008, pursuant to a plea agreement, the plaintiff pled guilty to four counts of First Degree Sexual Abuse. On May 12, 2008, the plaintiff was sentenced to one to five years on each of the four counts, which sentences were to run concurrently. The plaintiff did not file a Petition for Appeal in the Supreme Court of Appeals of West Virginia ("SCAWV"). On December 29, 2010, the plaintiff, proceeding *pro se,* filed an original jurisdiction petition for habeas relief in the SCAWV. That petition was refused on March 10, 2011. On March 28, 2012, the plaintiff filed a petition under 28 U.S.C. § 2254 in the United States District Court for the Southern District of West Virginia. Proposed Finding and Recommendations were filed

1

by Magistrate Judge Stanley on April 19, 2012, which recommended that the petition be dismissed as being untimely. (Doc. 1-5). On August 17, 2012, the court entered its Judgment denying the petition. (Doc. 1-3, p. 2).

The plaintiff previously filed a § 1983 complaint with this Court on February 24, 2009. In the complaint, the plaintiff alleged that he was suffering serious physical pain because of lack of medical care. The plaintiff further alleged that he was intentionally being denied medical care and this denial was causing him to continuously suffer physical pain. The complaint was subsequently dismissed on November 5, 2009 for failure to state a claim upon which relief could be granted. (*Carr v. Forbes et al.*, Case No. 5:09-cv-00024-FPS-JES).

On March 28, 2012, the plaintiff filed a § 1983 action in the United States District Court for the Southern District of West Virginia. That complaint is similar to the pending action and included the allegation "I am being murdered! The proof is here in my physical body!" On April 19, 2012, Proposed Finding and Recommendations were entered by Magistrate Judge Stanley which recommended that the complaint be dismissed because "[v]iewing the factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" (Doc. 1-6, p. 8). On August 17, 2012, the case was dismissed. (Doc. 1-3, p. 2).

### III. The Complaint

In his complaint, the plaintiff asserts that he is innocent of the sexual abuse charges to which he pled guilty, and that the defendants are aware of his innocence. *Id.* at 2-5. The plaintiff further claims in both the instant complaint and many of the attached documents that the defendants are intentionally keeping him in prison, denying him access to legal remedies, and denying him access to medical treatment. *See generally* Dkt. Nos. 1 and 1-1 through 1-19. The plaintiff alleges that all of

2

these actions are being undertaken with the express purpose of causing his death. Dkt. No. 1 at 9. The plaintiff specifically lists multiple medical conditions from which he supposedly suffers[1] and offers his "pain-filled physical body" as evidence. *Id.* at 7. The plaintiff suggests that the majority of these ailments stem from an incident that occurred during his incarceration in 2005. *Id.* at 9. As a remedy, the plaintiff has asked that the sexual abuse charges to which he pled guilty be expunged and that the defendants have criminal proceedings brought against them. *Id.*

### IV. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. *See Neitzke* at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." *See Neitzke* at 327 and *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

---

[1] The plaintiff alleges that he has a purple penis, two lower hernias, one upper hernia, his brain stem has been pulled loose, he is going blind and is losing his kidneys.

3

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged t construe liberally such complaints. However, in *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations." it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id*. at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), a civil rights case. The court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must except as true all of the allegations contained in a complaint is in inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we " are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S.Ct. At 1949-50.

## V. Analysis

***A. Jurisdiction***

In his instant complaint, the plaintiff has included David Ballard, the Warden at the Mount Olive Correctional Complex; John P. Sullivan, a Public Defender located in Charleston, West Virginia; and Donald Morris, a Prosecuting Attorney in Kanawha County, West Virginia. Dkt. No. 1 at 2-3. These defendants are all located in the Southern District of West Virginia. To the extent that the these defendants had an interaction with the plaintiff, the same took place in the Southern District. As such, this Court has no jurisdiction over them. Thus, these defendants must be dismissed from this case. If the plaintiff wishes to proceed with a § 1983 action against them, he must do so in the Southern District.

## B. Frivolity

The plaintiff's complaint regarding the remaining defendants is clearly insufficient. First, the plaintiffs's allegations are conclusory. He has not specified any particular dates on which the alleged conduct occurred and only generally alleges the conduct of the various defendants. The plaintiff has attached approximately 163 pages of documents, including numerous filings from other courts. However, the plaintiff has given no indication how these documents support his claims, and the undersigned cannot do his work for him.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ...claim is and the grounds upon which it is rests." *Twombly*, 550 U.S. at 555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, to avoid dismissal for failure to state a claim, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id*.

In order to impose liability against a defendant under section 1983, there must be an actual connection or link between the defendant's conduct and the deprivation alleged to have been suffered

by the plaintiff. *See Monell v. Department of Social Servs.*, 436 U.S. 758 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). Furthermore, the plaintiff's claims rely on factual allegations that are "clearly baseless." "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v.* Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The plaintiff's complaint vaguely implies that he suffers from numerous health problems and implies that his health issues are in some way connected to the fact that he was convicted on four counts of sexual abuse in the Circuit Court of Kanawha County. However, to the extent that the plaintiff's claims are based on the denial of medical care, he must establish that specific defendants at the Northern Correctional Facility were deliberately indifferent to a serious medical need.

In 1976, the Supreme Court established the standard for evaluating whether a prisoner's Eighth Amendment right to be free of cruel and unusual punishment had been violated by a prison healthcare provider. In rendering its decision, the Court found that to state a claim under the Eighth Amendment for ineffective medical assistance, the plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

A serious medical condition is one that has been diagnosed by a physician as mandating treatment or that is so obvious that even a lay person would recognize the need for a doctor's attention. *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990), cert. denied, 500 U.S. 956 (1991). A medical condition is also serious if a delay in treatment causes a life-long handicap or

permanent loss. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3rd Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).[2]

The subjective component of a cruel and unusual punishment claim is satisfied by showing that the prison official acted with deliberate indifference. *Wilson*, 501 U.S. at 303. A finding of deliberate indifference requires more than a showing of negligence. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the fact gave rise was insubstantial or nonexistent." *Id.* at 844.

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment, [or lack thereof], must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.*" Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). A mere disagreement between the inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim of cruel and unusual punishment unless exceptional circumstances exist. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). A constitutional violation is established when "government officials show deliberate indifference to those medical needs which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily

---

[2] The following are examples of what does or does not constitute a serious injury. A rotator cuff injury is not a serious medical condition. *Webb v. Prison Health Services*, 1997 WL 298403 (D. Kansas 1997). A foot condition involving a fracture fragment, bone cyst and degenerative arthritis is not sufficiently serious. *Veloz v. New York*, 35 F.Supp.2d 305, 312 (S.D.N.Y. 1999). Conversely, a broken jaw is a serious medical condition. *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101 (4th Cir. 1995); a detached retina is a serious medical condition. *Browning v. Snead*, 886 F. Supp. 547 (S.D. W. Va. 1995). And, arthritis is a serious medical condition because the condition causes chronic pain and affects the prisoner's daily activities. *Finley v. Trent*, 955 F. Supp. 642 (N.D. W.Va. 1997)

life activities, or conditions which cause pain, discomfort or a threat to good health." *See Morales Feliciano v. Calderon Serra*, 300 F.Supp.2d 321, 341 (D.P.R. 2004) (*citing Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003)).

The plaintiff's complaint fails to establish any basis for liability under Section 1983. The plaintiff has made no credible assertion that he suffers from a serious medical condition, nor has he identified any act or omission by any medical provider which remotely establishes deliberate indifference. In addition, to the extent that the plaintiff is alleging that he is innocent of the charges for which he was convicted, those claims must be raised in a habeas petition under 28 U.S.C. § 2254. The fact that the plaintiff filed a § 2254 petition which was dismissed as untimely, does not give him license to attack his conviction in this § 1983 complaint. Finally, of the factual claims that are a basis for frivolity dismissal under § 1915, "are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The instant claims are clearly classified as such, and the plaintiff should not be allowed to waste additional judicial time and resources in a vain attempt to make sense of such claims.

## VI. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that defendants Ballard, Sullivan, and Morris be **DISMISSED** from the plaintiff's § 1983 action for lack of jurisdiction. The undersigned further recommends that the plaintiff's § 1983 action with respect to the remaining defendants, Seifert, Seifert, and Proctor, be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e) as a frivolous claim. It is further recommended that the plaintiff's pending "Motion For Protective Order; And A Medical Examination By The United States Medical Doctor for the Northern

District At Martinsburg, West Virginia 25401 (Doc. 15) be **DENIED**[3].

Within fourteen (14) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: July 25, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[3]The plaintiff repeats the same outlandish claims that he is being murdered by officials of the Division of Corrections on behalf of State judicial officers who know he is innocent of all the sex crimes for which he was convicted.