IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JAMES DAVID WESLEY CARR,**

    Plaintiff,

v.                                                                     CIVIL ACTION NO. 3:13-CV-40
                                                                           (JUDGE GROH)

**EVELYN SEIFERT, et al,**

    Defendants.

### ORDER ADOPTING REPORT AND RECOMMENDATION

**I.      Introduction**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge John S. Kaull. By standing order pursuant to Local Rule of Prisoner Litigation Procedure 2, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R & R"). Magistrate Judge Kaull filed his R & R on July 25, 2013 [Doc. 16]. In that filing, the magistrate judge recommended that this Court: (1) dismiss Defendants Ballard, Sullivan, and Morris from the Plaintiff's §1983 action for lack of jurisdiction; (2) dismiss with prejudice the Plaintiff's §1983 action with regard to Defendants Seifert, Seifert, and Proctor, pursuant to 28 U.S.C. §1915(e); and (3) deny the Plaintiff's pending "Motion for Protective Order; And A Medical Examination by the United States Medical Doctor for the Northern District at Martinsburg, West Virginia 25401" [Doc. 15].

Pursuant to 28 U.S.C. §636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made.  However,

the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's order. 28 U.S.C. §636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

Here, objections to Magistrate Judge Kaull's R & R were due within fourteen (14) days after being served with a copy of the R & R pursuant to 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b). On August 8, 2013, the Plaintiff timely filed objections [Doc. 18]. Accordingly, the Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R & R for clear error.

II.     **Factual and Procedural History**

During the September 2004 term, the Plaintiff was charged in the Circuit Court of Kanawha County, West Virginia, with eight counts of various sexual offenses. On February 28, 2008, pursuant to a plea agreement, the Plaintiff pled guilty to four counts of First Degree Sexual Abuse. On May 12, 2008, the Plaintiff was sentenced to one to five years on each of the four counts, which sentences were to run concurrently. The Plaintiff did not file a petition for appeal in the West Virginia Supreme Court of Appeals.

On December 29, 2010, the Plaintiff, proceeding *pro se*, filed an original jurisdiction petition for habeas relief in the West Virginia Supreme Court of Appeals. That petition was

refused on March 10, 2011.

On March 28, 2012, the Plaintiff filed a petition under 28 U.S.C. §2254 in the United States District Court for the Southern District of West Virginia. On August 17, 2012, the Southern District denied the Plaintiff's petition.

The Plaintiff previously filed a §1983 complaint with this Court on February 24, 2009. In the complaint, the Plaintiff alleged that he was suffering serious physical pain because of a lack of medical care. The Plaintiff further alleged that he was intentionally being denied medical care and that this denial was causing him to continuously suffer physical pain. The complaint was subsequently dismissed on November 5, 2009, for failure to state a claim upon which relief may be granted. See **Carr v. Forbes, et al.**, Case No. 5:09-CV-24 at [Doc. 38] (N.D. W. Va. November 5, 2009).

On March 28, 2012, the Plaintiff filed a §1983 action in the United States District Court for the Southern District of West Virginia. The complaint was similar to the instant action and contained the allegation "I am being murdered! The proof is here in my physical body!" On August 17, 2012, the case was dismissed.

The Plaintiff filed the instant complaint on April 22, 2013 [Doc. 1]. In his complaint, the Plaintiff asserts that he is innocent of the sexual abuse charges to which he pled guilty, and that the Defendants are aware of his innocence. The Plaintiff further complains in both the instant complaint and many of the attached documents that the Defendants are intentionally keeping him in prison, denying him access to legal remedies, and denying him access to medical treatment. The Plaintiff alleges that all of these actions are being undertaken with the express purpose of causing his death. The Plaintiff specifically lists multiple medical conditions from which he purportedly suffers, including purple genitals, two

lower hernias, one upper hernia, that his brain stem has been pulled loose in his neck, that he is going blind, and that he is losing his kidneys. The Plaintiff asserts that "the facts are here in my pain-filled physical body!" The Plaintiff suggests that the majority of these ailments stem from an incident that occurred during his incarceration in 2005. As a remedy, the Plaintiff asks that the sexual abuse charges to which he plead guilty be expunged and that the Defendants have criminal proceedings brought against them.

### III.  Standard of Review

To the extent that the Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the Complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. §1915(e)(2), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune to such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim is not automatically frivolous. See **Neitzke**, *supra*, at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations which are "clearly baseless." **Neitzke**, *supra*, at 327; see also **Denton v. Hernandez**, 504 U.S. 25, 32-33 (1992). This includes a claim in which the plaintiff has little or no chance of success. **Estelle v. Gamble**, 429 U.S. 97,

106 (1976).

*Pro se* complaints are held to less stringent standards than those drafted by attorneys, and the court is obligated to liberally construe such complaints. However, in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief may be granted if, viewing the well-pleaded allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions," or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its **Twombly** holding in **Ashcroft v. Iqbal**, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in **Twombly**. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.
> . . .
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-plead factual allegations, a court should assume their veracity and determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50.

## IV. Discussion

### A. Dismissal of Defendants Ballard, Sullivan, and Morris

The magistrate judge concluded, with regard to Defendants Ballard, Sullivan, and Morris, that all three Defendants are located within the jurisdiction of the United States District Court for the Southern District of West Virginia, and that any interaction which the Plaintiff had with these Defendants took place in the Southern District. The magistrate judge thus found that this Court is without jurisdiction over these Defendants, and they must accordingly be dismissed.

The Plaintiff does not object with specificity to this portion of the magistrate judge's R & R. Therefore, the Plaintiff's objections in this regard are **OVERRULED**.

### B. Dismissal of the Plaintiff's case as to the remaining Defendants

With regard to the remaining Defendants, the magistrate judge concluded that the Plaintiff's Complaint was conclusory and failed to establish any basis for liability under §1983. The magistrate judge thus found that the Plaintiff's Complaint was insufficient and failed to state any claim upon which relief may be granted.

The Plaintiff's objections to this portion of magistrate judge's R & R do not specifically challenge any particular finding of the magistrate judge. Rather, the Plaintiff's objections merely restate the conclusory allegations contained in his Complaint. Therefore, the Plaintiff's objections are **OVERRULED**.

### V.    Conclusion

Upon careful review of the Report and Recommendation, it is the opinion of the Court that the magistrate judge's Report and Recommendation **[Doc. 16]** must be, and hereby is, **ORDERED ADOPTED** for the reasons more fully stated in the report.  Further, the Plaintiff's Objections **[Doc. 18]** are **OVERRULED**.  Accordingly, Defendants Ballard, Sullivan, and Morris are hereby **DISMISSED** as parties defendant to this civil action, and the Plaintiff's State Civil Rights Complaint Pursuant to 42 U.S.C. §1983 **[Doc. 1]** is hereby **DISMISSED WITH PREJUDICE** as to the remaining Defendants as constituting a frivolous claim.

In light of the foregoing, the Plaintiff's pending "Motion For Protective Order; And A Medical Examination By The United States Medical Doctor for the Northern District at Martinsburg, West Virginia 25401" **[Doc. 15]** is **DENIED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Plaintiff.  The Clerk is further directed to enter judgment in favor of the Defendants pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

**DATED:** August 21, 2013.

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE

7